UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**UNITED STATES OF AMERICA,**

               Plaintiff,

                                                                     No. 2:10-cr-20382
vs.                                                                 Hon. Gerald E. Rosen

**ROLANDO HUNTLEY,**

               Defendant.

_____/

**OPINION AND ORDER DENYING DEFENDANT'S
MOTION TO WITHDRAW GUILTY PLEA**

## I. INTRODUCTION

On October 17, 2011, Defendant Rolando Huntley plead guilty to one count of felon in possession of a firearm, 18 U.S.C. § 922(g)(1). At the plea hearing, Defendant retained the right to withdraw his plea and proceed to trial if the Guideline Range exceeded 10 years due to a higher criminal history level. Defendant appealed this Court's denial of his earlier motion to suppress on February 24, 2012, which the Sixth Circuit denied for lack of jurisdiction on April 27, 2012.

At Defendant's May 17, 2012 sentencing hearing, this Court found Defendant's Guideline Range to be 92 - 115 months (seven years to nine years,

1

seven months), and sentenced Defendant to 108 months (nine years) in prison. Judgment was entered on May 21, 2012. Defendant filed his notice of appeal on May 29, 2012, which was dismissed as duplicative of case 12-1737 on June 12, 2012. Case number 12-1737 has yet to be resolved.

On February 15, 2013, Defendant filed the present *pro se* motion to withdraw his plea of guilty, claiming that his plea was "ill-advised and Defendant's attorney, Mr. Sanford Plotkin was ineffective in his counsel regarding appellate and post-conviction remedies. Also, Huntley's Sixth Amendment rights were violated by the deficient performance of counsel in the Defendant's motion to suppress and appeal advise." Despite Defendant's acknowledgment at his sentencing hearing that he wished counsel to continue representing him on appeal -- even after he filed an ineffective assistance claim -- Defendant now claims that (i) counsel's motion to suppress was inadequate, and (ii) counsel failed to "procure a written agreement necessary to appeal an order for a motion to suppress evidence." Defendant seeks to "withdraw his guilty plea and obtain a written agreement, or the express written consent of the government to allow discretionary review or an order granting right to appeal [the denial of his] motion to suppress."

Federal Rule of Criminal Procedure 11(e) explicitly precludes the relief sought by Defendant. Rule 11(e) states that: "After the court imposes sentence, the defendant may not withdraw a plea of guilty or nolo contendere, and the plea may

be set aside only on direct appeal or collateral attack." The Sixth Circuit has already rejected Defendant's request to withdraw his guilty plea, and Defendant has not collaterally attacked his conviction. Additionally, the remedy sought by Defendant -- the right to appeal the denial of his motion to suppress -- remains within his possession. Defendant appears to believe that obtaining a written Rule 11 plea agreement would have allowed him to pursue an interlocutory appeal of his motion to suppress. This is simply not the case. *United States v. Shameizadeh*, 41 F.3d 266, 267 (6th Cir. 1994) ("It is well-settled that a criminal defendant cannot take an immediate appeal from an order denying a pretrial motion to suppress evidence. Rather, such an order can be appealed only after the entry of final judgment in the action.") (internal citations omitted).

Thus, for all of the foregoing reasons,

IT IS HEREBY ORDERED that Defendant's Motion to Withdraw Plea of Guilty is DENIED.

**IT IS SO ORDERED.**

Dated:   April 30, 2013         s/Gerald E. Rosen
                                GERALD E. ROSEN
                                CHIEF, U.S. DISTRICT COURT


I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, April 30, 2013, by electronic and/or ordinary mail.

                                s/Julie Owens
                                Case Manager, (313) 234-5135

3